JAMES JEFFRIES *against* WILLIAM THOMPSON.

One discharged by an insolvent act of Maryland from imprisonment, shall not be held to bail by a citizen of that state here for a debt previously contracted.

CAPIAS debt.    Bail marked in 5000*l.*

Mr. M. Levy moved that the defendant should be discharged on common bail.   He admitted, that the defendant was indebted to the plaintiff in a considerable sum, but showed an exemplification of a law of Maryland, passed on the 10th January 1799, for the relief of divers insolvent debtors by name, amongest whom was the defendant.   By the first section of the acts the debtors were directed to give notice of their application for the benefit of the law to their creditors, and by § 2, the debtors on obtaining the assent of two thirds of their creditors, were discharged from their debts ; but the chancellor was authorized to discharge any such debtor from his imprisonment, on his conforming to the act, without such assent of the creditors.   On the 16th of the same month, the defendant was discharged by the chancellor of Maryland, on his due conformity to the law, without the assent of his creditors.

It was admitted, that both parties at the time of passing of the law, were citizens of the state of Maryland.   In support of the motion it was urged, that one discharged under a general insolvent law of Maryland, and arrested afterwards in this state, was discharged on common bail.   2 Dall. 100.   In the case of British subjects, a discharge by the bankrupt laws of England will protect the person of the bankrupt here against a debt contracted in England. *Ib.* 256.

Mr. Rawle for the plaintiffs insisted, that the insolvent law of

Maryland is in nature of a general bankrupt law. 1 Dall. 231. Insolvent laws are local in their nature, and do not bind out of the limits of the state where they were enacted. They differ in every state in the union, and even the bankrupt laws of England were not supposed before the revolution, to extend here, so as to exempt the person of a certificated bankrupt from arrest.

But by the court. Both plaintiff and defendant being acknowledged citizens of Maryland, when the law in question passed, must be bound thereby, having consented thereto, either by themselves or their representatives. As to them, there can be no doubt of its binding force. The present case is precisely the same in principle as that of Harris v. Mandeville before cited. The *lex loci* is peculiarly applicable thereto. It would be highly mischievous, as well as incongruous, that when a debtor has been discharged from his imprisonment by the laws of his own state, a fellow citizen shall follow him to other parts of the union, and there arrest him again by new process.

The defendant must be discharged on common bail.